IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL BLACKWELL,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-6591** |
| | : | |
| **UNITED AUTO CREDIT,** | : | |
|     Defendant. | : | |

**MEMORANDUM**

Gabriel Blackwell initiated this civil action by filing a *pro se* Complaint against United Auto Credit. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Blackwell leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. The Court will give him an opportunity to file an amended pleading that includes more detail.

**I.     FACTUAL ALLEGATIONS**

Mr. Blackwell's Complaint is sparse. He filed it on a form for initiating a lawsuit in state court. It cites various provisions of the Fair Debt Collection Practices Act ("FDCPA") as the basis for his claims. (ECF No. 2 at 2 (citing 15 U.S.C. §§ 1692b(5), c(b), d(2), e(2)(a) & e(8)).) He alleges that his claims are based on a "violation of a cease and desist order, attempting to collect an unvalidated alleged debt, and personal damages to health and reputation." (*Id.*) But Mr. Blackwell does not provide any additional information about the events giving rise to his claims.

**II.    STANDARD OF REVIEW**

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. §

1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Kokinda v. Pa. Dept. of Corrections*, -- Fed. App'x --, 2019 WL 2577750, at * 2 (June 24, 2019). Moreover, because Mr. Hyppolite is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

#### A.   Leave To Proceed *In Forma Pauperis*

Mr. Blackwell has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. (ECF No. 1.) Moreover, his application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to proceed *in forma pauperis*.

#### B.   Plausibility Of Claims In The Complaint

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "'To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)). The FDCPA defines "debt collector" as "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Mr. Blackwell provides no facts about the events that he claims violated the FDCPA. He does not allege that United Auto Credit is a debt collector, state the nature or amount of the debt in question, or describe actions taken by United Auto Credit that could violate the statute. In other words, Mr. Blackwell has not described the events giving rise to his claims in any detail. Mr. Blackwell has not alleged sufficient factual matter to state a plausible basis for a claim under the FDCPA. *See Pressley*, 415 F. Supp. at 513 ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA."); *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

## IV.   CONCLUSION

The Court will grant Mr. Blackwell leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. However, the Court will give Mr. Blackwell leave to file an amended complaint in the event he can state a plausible basis for a claim against the Defendant. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

Dated:  January 29, 2021