IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL BLACKWELL,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | Case No. 2:20-cv-6591-JDW |
| UNITED AUTO CREDIT,<br>    Defendant. | : <br> : | |

## MEMORANDUM

For the second time, the Court considers Gabriel Blackwell's *pro se* complaint against United Auto Credit. For the second time, the Court determines that Mr. Blackwell's complaint does not include enough information to permit him to pursue his claim against UAC. The Court will therefore dismiss Mr. Blackwell's Amended Complaint and give him an opportunity to file a second amended complaint that includes the required information.

**I.    BACKGROUND**

Mr. Blackwell's initial Complaint was sparse. He alleged a "violation of a cease and desist order, attempting to collect an unvalidated alleged debt, and personal damages to health and reputation" and cited the Fair Debt Collection Practices Act ("FDCPA") as the basis for his claims (ECF No. 2 at 2 (citing 15 U.S.C. §§ 1692b(5), c(b), d(2), e(2)(a) & e(8)).)   However, Mr. Blackwell did not provide any additional information about the events giving rise to his claims.

On January 29, 2021, the Court granted Mr. Blackwell leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court explained that Mr. Blackwell's Complaint did not allege facts that would plausibly establish a violation of the FDCPA. Among other flaws, Mr. Blackwell did not allege that UAC is a debt collector, state the nature or amount of the debt in question, or describe actions taken by UAC that could violate the statute. Although the Court dismissed Mr. Blackwell's Complaint, it

did so without prejudice and gave him an opportunity to file an amended pleading that would remedy the omissions.

Mr. Blackwell returned with an Amended Complaint against UAC asserting claims under the FDCPA and the Fair Credit Reporting Act ("FCRA"). Mr. Blackwell asserts that from February 2019 through December 2020, he "suffered harassment, abuse and harm at the hands of United Auto Credit through unfair debt collection practices." (ECF No. 8 at 3.) He adds that "United Auto Credit attempted to collect an alleged debt from [him] that was unvalidated, as well as violat[ed] several laws pursuant to the FDCPA," and that, "[w]hile the debt was being validated and disputed, United Auto Credit had another company take possession of the car." (*Id.*) Mr. Blackwell alleges that he lost his car and suffered additional injuries as a result.

## II.   STANDARD OF REVIEW

Because Mr. Blackwell is proceeding *in forma pauperis*, the Court must dismiss the Amended Complaint if, among other things, it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The Court makes that determination using the standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the Court must decide whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Blackwell is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.     DISCUSSION

#### A.  FDCPA Claim

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "'To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The FDCPA claim in Mr. Blackwell's Amended Complaint fails for the same reason his original Complaint failed. He does not allege facts from which the Court could infer that each element of his FDCPA claim is met.  The Court can infer that Mr. Blackwell's claims relate to the repossession of his family's car.  But he still has not provided sufficient information that would give rise to an inference that UAC was a debt collector that violated the FDCPA in its interactions with him, such as relevant financial transactions related to the purchase or financing of the car, his relationship with UAC, or any communications about the car.  He does not state the amount he owed to UAC, explain why that amount was incorrect, or describe the circumstances and events that led to the repossession of his car.  In other words, he has again failed to describe the events

3

giving rise to his claims in sufficient detail to support a plausible FDCPA violation. *See Pressley*, 415 F. Supp. at 513 ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA."); *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (FDCPA claim not pled because "conclusory and speculative statements … cannot survive a motion to dismiss").

### B. FCRA Claim

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the

furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp.3d 372, 391 (E.D. Pa. 2017).

Mr. Blackwell cannot state a claim against UAC under the provisions of the FCRA pertaining to credit reporting agencies because it does not appear that UAC is a credit reporting agency. To the extent Mr. Blackwell raises claims against UAC as a furnisher of information, his claim fails because he has not alleged the necessary factual information required to show that a statutory violation occurred. That is, he has not alleged that UAC communicated inaccurate information to a credit reporting agency, what that information was, that he disputed the information with the credit reporting agency, and that UAC failed to reasonably investigate the dispute after having been notified by the credit reporting agency. *See Pressley*, 415 F. Supp.3d at 513. The claim therefore cannot stand.

## IV.     CONCLUSION

The Court will dismiss Mr. Blackwell's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. However, the Court will give Mr. Blackwell leave to file a second amended complaint so that he can provide factual detail about what happened to him and what UAC did that he alleges supports his claims under the FDCPA and FCRA. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**