**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GABRIEL IBN JIHAD BLACKWELL,** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 2:20-cv-6591-JDW** |
| | **:** | |
| **UNITED AUTO CREDIT,** | **:** | |
| **Defendant.** | **:** | |

**MEMORANDUM**

For the third time, Gabriel Ibn Jihad Blackwell seeks to assert a claim against United Auto Credit under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For the third time, the Court concludes that Mr. Blackwell's complaint does not contain the factual details required to state a claim.

**I.      BACKGROUND**

Mr. Blackwell alleges that United Auto Credit is based in Fort Worth, Texas. According to Mr. Blackwell, UAC harassed him and tried to collect his debt even though he has disputed it. He claims the conduct took place over a span of approximately 22 months, from February 2019 through December 2020. But he does not include any facts to establish whether he owes a debt to UAC or whether UAC is a debt collector for a debt that Mr. Blackwell allegedly owes to someone else. He also does not make any allegations about the communications he had with UAC or his effort to dispute the debt or request validation of the debt.

Mr. Blackwell first filed suit on December 31, 2020. The Court directed Mr. Blackwell to file his complaint on a standard form and either to pay the filing fee or file a motion to proceed *in forma pauperis*. Mr. Blackwell responded with a revised complaint on the Court's standard form and a motion to proceed *in forma pauperis*. The Court granted Mr. Blackwell's motion but dismissed his complaint without prejudice because it did not include enough detail. Mr. Blackwell

filed an amended complaint, and the Court dismissed that complaint without prejudice because it lacked detail. On February 17, 2021, Mr. Blackwell filed a second amended complaint ("SAC"), which is now before the Court for review.

## II.    STANDARD OF REVIEW

Mr. Blackwell is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court must dismiss the SAC if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the complaint has to contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *See id.*  Mr. Blackwell is proceeding *pro se*, so the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.   FDCPA Claim

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).  "To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quote omitted).  The FDCPA defines "debt collector" as "any

person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The SAC does not include factual detail to support these elements. Mr. Blackwell asserts in conclusory fashion that UAC meets the definition of "debt collector" and that it engaged in "harassment" and "abusive" debt collection practices that violated the FDCPA. But he has not supported those conclusory allegations with facts.  For his complaint to survive, Mr. Blackwell would have to include some information about the financial transaction giving rise to the alleged debt, what UAC's role is (including facts demonstrating that UAC qualifies as a debt collector under the FDCPA), and what UAC did that constitutes harassment or an abusive practice. Mr. Blackwell cannot just recite those words to support his claim—he needs facts that support the allegation.

### B.  FCRA Claim

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  Mr. Blackwell cannot state a claim against UAC under the provisions of the FCRA pertaining to credit reporting agencies because it does not appear UAC is a credit reporting agency.  That means Mr.

Blackwell has to be proceeding against UAC under provisions of the FCRA that govern furnishers of information.

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, Mr. Blackwell must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).

The SAC does not include facts to make out a claim under the FCRA. It does not allege that UAC communicated inaccurate information to a credit reporting agency, what that information was, that Mr. Blackwell disputed the information with the credit reporting agency, or that UAC failed to reasonably investigate the dispute after having been notified by the credit reporting agency.  In short, Mr. Blackwell has not alleged any of the factual detail that he has to include to state a plausible claim under the FCRA.

## IV.    CONCLUSION

The SAC contains conclusory allegations, but it lacks facts. Mr. Blackwell has had three tries. The Court will give him one more chance to file an amended complaint that includes the facts necessary to state a claim. If Mr. Blackwell has facts to assert, he needs to do so now. If he does not, the Court will dismiss his case with prejudice, meaning he will not get another chance to file an amended complaint.  An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 18, 2021