IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL IBN JIHAD BLACKWELL,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case. No 2:20-cv-6591-JDW |
| | : | |
| **UNITED AUTO CREDIT,** | : | |
| Defendant. | : | |

**MEMORANDUM**

For the fourth time, the Court must decide whether Gabriel Ibn Jihad Blackwell has stated a viable claim against United Auto Credit under either the Fair Debt Collection Practices Act or the Fair Credit Reporting Act. Despite the Court's guidance in prior decisions about what information Mr. Blackwell would have to include to assert a viable claim, his Third Amended Complaint ("TAC") still contains nothing except conclusory assertions of statutory violations. Because Mr. Blackwell has had ample opportunity to cure his pleading failures, the Court will dismiss his claims with prejudice.

**I.     BACKGROUND**

**A.     Procedural History**

Mr. Blackwell filed suit on December 31, 2020. The Court granted Mr. Blackwell leave to proceed *in forma pauperis* and dismissed his Complaint for lack of sufficient factual detail. The Court explained its decision: "Mr. Blackwell provides no facts about the events that he claims violated the FDCPA." (ECF No. 6 at 3.) Mr. Blackwell responded with an Amended Complaint, which the Court also dismissed without prejudice. The Court again explained its decision: "[Mr. Blackwell] does not allege facts from which the Court could infer that each element of his FDCPA claim is met. The Court can infer that Mr. Blackwell's claims relate to the repossession of his family's car. But he still has not provided sufficient information that would give rise to an inference

that UAC was a debt collector that violated the FDCPA in its interactions with him, such as relevant financial transactions related to the purchase or financing of the car, his relationship with UAC, or any communications about the car." (ECF No. 9 at 3.) The Court noted that Mr. Blackwell's FCRA claim failed because he "has not alleged the necessary factual information required to show that a statutory violation occurred." (*Id.* at 5.)

Mr. Blackwell then filed a Second Amended Complaint. The Court again dismissed it. In its decision, the Court explained that for the FDCPA claim to survive, he had to "include some information about the financial transaction giving rise to the alleged debt, what UAC's role is (including facts demonstrating that UAC qualifies as a debt collector under the FDCPA), and what UAC did that constitutes harassment or an abusive practice." (ECF No. 12 at 3.) The Court also explained that the FCRA claim failed because the complaint did "not allege that UAC communicated inaccurate information to a credit reporting agency, what that information was, that Mr. Blackwell disputed the information with the credit reporting agency, or that UAC failed to reasonably investigate the dispute after having been notified by the credit reporting agency." (*Id.* at 4.) The Court gave Blackwell "one more chance to file an amended complaint that includes the facts necessary to state a claim." (*Id.*)

**B.     Current Claims**

Mr. Blackwell's TAC again asserts claims under the FDCPA and FCRA. In the TAC, Mr. Blackwell alleges that from February 2019 through December 2020, UAC "subjected [him] to harm by [harassment], misuse of [his] personal information, and abusive debt collection practices." (ECF No. 14-2.) He claims that UAC: (1) made several attempts to collect a "disputed debt" from him; (2) did not validate the debt when requested; (3) collected a debt he "already paid unbeknownst to [him] and tried to convince [him] to pay more;" and (4) ignored his efforts to

question the debt. (*Id.*) Mr. Blackwell also notes that United Auto Credit repossessed his car and mishandled his credit information and "location information." (ECF Nos. 14-2 & 14-3.) He alleges that he contacted UAC and sent "exhibits of the violations, proof of [his] rights that were violated, all within an Affidavit of Truth" and that he "requested info on the original creditor, sent invoices and an opportunity to cure the matter," to which UAC failed to respond. (*Id.*)

Mr. Blackwell does not offer any additional factual allegations in support of his claims. However, he attached as exhibits to his TAC certain correspondence he had with UAC. The exhibits indicate that, on at least two occasions, Mr. Blackwell wrote to UAC to ask for validation of the debt in question, and UAC replied with information about the debt and the amount owed. One document appears to be a spreadsheet of Mr. Blackwell's payment history and balance on the loan as of August 4, 2020. (ECF No. 14-11.) Mr. Blackwell also attached a copy of a bill indicating that he owed a payment of $709.48 to United Auto Credit by October 4, 2020, and that his loan had an outstanding balance of $9,363.13. (ECF Nos. 14-9 & 14-10.) Mr. Blackwell has marked these exhibits with provisions of the FDCPA he claims were violated but does not provide any explanation of those markings. The exhibits also include correspondence that Mr. Blackwell sent to UAC claiming violations of the FDCPA, billing UAC for those alleged violations, and asking UAC to contact him in writing rather than by telephone.

## II.    STANDARD OF REVIEW

Mr. Blackwell is proceeding *in forma pauperis*, so 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the TAC if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the Court must determine whether the

complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Mr. Blackwell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

#### A.   FDCPA Claim

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Mr. Blackwell's TAC suffers from the same deficiencies as his prior pleadings. He alleges in a conclusory fashion that UAC engaged in harassing and abusive debt collection practices that violated the FDCPA. But he again has not supported those conclusory allegations with facts. He has not provided any information about the financial transactions related to the purchasing or financing of his car, his relationship with UAC, or any communications about the car that would

give rise to a plausible inference that UAC violated the FDCPA.  At most, the TAC suggests that Mr. Blackwell owed money to UAC in connection with a car loan.  Mr. Blackwell alleges that UAC refused to validate a debt, but he does not explain that allegation. More importantly, the exhibits suggest otherwise, and the Court need not credit an allegation that exhibits contradict. *See Vorchheimer v. Philadelphia Owners* Ass'n, 903 F.3d 100, 112 (3d Cir. 2018). Furthermore, just writing section numbers of the FDCPA and the word "violation" on bills or other correspondence, or labeling UAC's conduct as "abusive" does not support a plausible basis for a claim.  Because Mr. Blackwell's allegations do not include the required detail, he has failed to state a plausible claim for a violation of the FDCPA. *See Pressley*, 415 F. Supp. at 513.

      **B.**      **FCRA Claim**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, Mr. Blackwell must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the

furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).

Mr. Blackwell cannot state a claim against UAC under the provisions of the FCRA pertaining to credit reporting agencies because UAC is not a credit reporting agency. To the extent Mr. Blackwell asserts claims against UAC as a furnisher of information, he has again failed to state a claim because he has not alleged that UAC communicated inaccurate information to a credit reporting agency, what that information was, that he disputed the information with the credit reporting agency, or that UAC failed to investigate the dispute after the credit reporting agency notified UAC of the dispute. *See Pressley*, 415 F. Supp. 3d at 513 (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). As with his FDCPA claim, Blackwell's FCRA claim fails because he has not alleged the necessary factual information required to show that a statutory violation occurred.

## IV. CONCLUSION

Mr. Blackwell has had several opportunities to cure the flaws in his pleading, after having the Court outline for him several times what information he needs to include in a pleading to state a plausible claim. Despite those opportunities, he has not included the required factual detail. The Court will therefore dismiss Mr. Blackwell's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given Mr. Blackwell's repeated failures to state a claim, the Court will dismiss the complaint with prejudice. An appropriate Order follows.

                                        **BY THE COURT:**

                                        */s/ Joshua D. Wolson*
                                        **JOSHUA D. WOLSON, J.**

**April 2, 2021**